**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

COURTNEY SMITH,
ADC #149926                                                                                                      PLAINTIFF

V.                                                    4:14CV00754-JM-JTK

JOHN FELTS, et al.                                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Smith, a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC), has been granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff alleges Defendants Felts and Vailes, members of the Arkansas Board of Parole, improperly revoked his parole based on a false report submitted by Defendants Wright and Cheeks, who are parole officers.  Plaintiff asks for monetary and injunctive relief from the Defendants.

### II.     Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke  v.

2

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 556-7.

III.    **Analysis**

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim.  Plaintiff seeks damages and injunctive relief by challenging the revocation of his parole.  The damages claim, however, cannot be pursued in an action filed pursuant to 42 U.S.C. §

1983, unless his conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court, as set forth in Heck v. Humphrey, 512 U.S. 477, 486-7 (1994).  See also Abdullah v. Minnesota, 261 Fed. Appx. 926, 927 (8th Cir. 2008).   And, his request for injunctive relief, which is his release from custody, should be pursued in a habeas corpus petition. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  In Offet v. Solem, the court held state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.  823 F.2d 1256, 1261 (8th Cir. 1987).

The Court also notes that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).  Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude.  Therefore, state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987).

The Arkansas Parole statute establishes only the possibility of parole.  ARK. CODE ANN. § 16-93-201-206 (Lexis-Nexis, Supp. 2013). Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection. Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979).   Therefore, a claim that Defendants violated a liberty interest in parole must fail, as it does not state a claim for relief.

Finally, parole board (now known as Post-Prison Transfer Board) members are absolutely immune from suit for damages while performing their official duties.  Gale v. Moore, 763 F.2d 341, 344 (8th Cir. 1985); Taylor v. Selig, 409 Fed. Appx. 986, 987 (8th Cir. 2011); Anton v. Getty, 78

F.3d 393, 396 (8th Cir. 1996).  This immunity applies also to hearing officers and parole officers who prepare reports and recommendations.  <u>Barnett v. Arkansas Board of Parole</u>, No. 4:11-cv-000533-JMM, 2011 WL 5857124 (E.D.Ark.).  Although Defendants are not absolutely immune in their official capacities with respect to claims for prospective injunctive relief, as noted earlier, Plaintiff's Complaint should be dismissed until his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Abdullah</u>, 261 Fed. Appx. at 927.  Therefore, the Court finds that this Complaint should be dismissed without prejudice.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice, to re-file after exhaustion of his available remedies.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

-------------------

[1]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  <u>See also</u> <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO RECOMMENDED this 5th day of January, 2015.

_____
 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE